# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2018

Lyle W. Cayce
Clerk

No. 17-41123
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

MIGUEL CABRERA-RANGEL,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:17-CR-198-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Miguel Cabrera-Rangel appeals the sentence imposed for assault on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41123

federal officer by physical contact.  He was acquitted of assault on a federal officer by physical contact inflicting bodily injury.

Cabrera-Rangel contends that the district court ignored the jury's verdict and impermissibly relied on acquitted conduct.  He maintains that the assessment of his base offense level and the application of enhancements under U.S.S.G. § 2A2.2(b)(2)(B) and (3)(E) violated the Sixth Amendment because the determinations were premised on actions of which he was acquitted.  Cabrera-Rangel concedes that this claim is foreclosed by *United States v. Watts*, 519 U.S. 148, 157 (1997), and that we have held that *Watts* is valid after *United States v. Booker*, 543 U.S. 220 (2005).  He notes, however, that a reevaluation of *Watts* is necessary because it did not address whether consideration of acquitted conduct at sentencing violates the Sixth Amendment and that *Watts* otherwise did not account for principles articulated in *Booker* and later Supreme Court decisions.

A panel of this court may not overrule another panel's decision without en banc reconsideration or a superseding contrary Supreme Court decision.  *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).  We have held that *Watts* remains valid following *Booker*, *see United States v. Jackson*, 596 F.3d 236, 243 n.4 (5th Cir. 2010); *United States v. Farias*, 469 F.3d 393, 399 (5th Cir. 2006), and the Court has not held otherwise, *see Cunningham v. California*, 549 U.S. 270, 274−94 (5th Cir. 2007).  Cabrera-Rangel thus has not shown that the district court erred when it considered conduct of which he was acquitted.  *See Farias*, 469 F.3d at 399

Cabrera-Rangel contends that his sentence is improper because the district court relied on judge-found facts as to his acquitted conduct; Cabrera-Rangel maintains that, if only the facts encompassed by the verdict were considered, his sentence is unreasonable.  He asserts that his sentence violates

No. 17-41123

the Sixth Amendment and should be vacated.

As Cabrera-Rangel concedes, his claim is foreclosed. Regardless of whether Supreme Court precedent has foreclosed as-applied Sixth Amendment challenges to sentences within the statutory maximum that are reasonable only if based on judge-found facts, our precedent forecloses such contentions. *United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011).

AFFIRMED.